UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EVELYN L. CANADA, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RECEIVABLES MANAGEMENT PARTNERS, LLC doing business as RMP SERVICES, LLC,<br><br>Defendant. | Case No. 1:25-cv-00649 |

**CLASS ACTION COMPLAINT**

**NOW COMES** EVELYN L. CANADA ("Plaintiff"), individually, and on behalf of all others similarly situated, by and through her undersigned counsel, complaining of RECEIVABLES MANAGEMENT PARTNERS, LLC, doing business as RMP SERVICES, LLC ("Defendant") as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.*, 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

3. As the Supreme Court recently observed, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 as the TCPA and FDCPA are federal statutes.

5. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) as a substantial portion of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

6. Plaintiff is a natural person, over 18 years-of-age, who at all times relevant resided in Pflugerville, Texas.

7. Defendant is a prominent debt collection agency that collects debts owed to third parties.

8. Defendant maintains its principal place of business in Des Plaines, Illinois.

## FACTUAL ALLEGATIONS

9. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8781.

10. At all times relevant, Plaintiff's number ending in 8781 was assigned to a cellular telephone service.

11. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

12. Prior to the events that gave rise to this action, Plaintiff allegedly received pest control services from Stampede Pest Control ("SPC").

13. Plaintiff allegedly failed to make payments to SPC for the pest control services it allegedly provided to Plaintiff ("subject debt").

14. At some point in time, SPC placed the subject debt with Defendant for collection.

15. In March 2025, Plaintiff started receiving collection calls from Defendant in an attempt to collect the subject debt.

16. Shortly after the collection calls began, Plaintiff answered a call from Defendant and requested that Defendant cease its harassing collection calls.

17. Despite Plaintiff's verbal request to cease its calls, Defendant continued placing harassing collection calls to Plaintiff's cellular phone.

18. In most of the calls that Plaintiff did not answer, Defendant would leave prerecorded voicemails on Plaintiff's cellular telephone stating:

> "Hello, we are with an important message from Receivables Management Partners, LLC d/b/a RMP Services, LLC. This call is from a debt collector. Please call (833) 600-1042."

19. It was clear to Plaintiff that Defendant's voicemails utilized an artificial and/or prerecorded voice ("robocalls") because (1) all voicemails contained the identical message; (2) all voicemails were precisely the same duration, (3) the voicemails were all monotone and were conspicuously not left by a live representative; and (4) none of the voicemails identified Plaintiff by name.

20. In total, Defendant placed numerous collection calls to Plaintiff's cellular phone after Plaintiff requested that the collection calls cease.

21. Moreover, Defendant left no less than four (4) prerecorded voicemails on Plaintiff's cellular phone after Plaintiff requested that the calls cease.

22. At no point in time did Plaintiff provide her cellular phone number to Defendant or otherwise consent to Defendant's phone calls.

## DAMAGES

23. Defendant's harassing collection calls invaded Plaintiff's privacy and caused Plaintiff damages, including: aggravation that accompanies unwanted calls, increased risk of personal injury resulting from the distraction caused by the unwanted calls, wear and tear to Plaintiff's cellular phone, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's cellular phone, and wasting Plaintiff's time.

24. Moreover, each time Defendant placed a call to Plaintiff's cellular phone, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

25. Due to Defendant's repeated refusal to honor Plaintiff's request that the calls cease, Plaintiff was forced to file this lawsuit to compel Defendant to cease its abusive collection practices.

## CLASS ALLEGATIONS

26. Plaintiff restates and realleges all previous Paragraphs as though fully set forth herein.

27. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All individuals throughout the United States (1) to whom Defendant placed, or caused to be placed, a call; (2) directed to a number assigned to a cellular telephone service; (3) using an artificial or prerecorded voice; (4) without the individual's consent; (5) in an attempt to collect a debt allegedly owed to Stampede Pest Control; (6) within the four years preceding the date of this complaint through the date of class certification.

28. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) individuals who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded individuals; and (6) individuals whose claims against Defendant have been fully and finally adjudicated and/or released.

    a. **Numerosity**

29. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

30. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

31. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

32. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

    b. **Commonality and Predominance**

33. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

34. Those questions predominate over any questions that may affect individual members of the Putative Class.

    c. **Typicality**

35. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

    **d.    Superiority and Manageability**

36. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

37. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

38. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

39. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

    **e.    Adequate Representation**

40. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

41. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

42. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

## CLAIMS FOR RELIEF

### Count I – Violations of the Telephone Consumer Protection Act
**(On behalf of Plaintiff and the Members of the Punitive Class)**

43. Plaintiff restates and reallages all previous Paragraphs as though fully set forth herein

44. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39) because she is an individual

45. Defendant is a "person" as defined by 47 U.S.C. § 153(39) because it is a corporation.

46. Section 227(b)(1)(A)(iii) of the TCPA prohibits "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or *an artificial or prerecorded voice*" to "any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2344 (2020) (emphasis added).

47. Defendant violated § 227 (b)(1)(A)(iii) of the TCPA by placing no less than four (4) non-emergency calls to Plaintiff's cellular phone number utilizing an artificial or prerecorded voice without Plaintiff's consent.

48. As pled above, Defendant used an artificial or prerecorded voice which automatically played upon the call reaching Plaintiff's voicemail.

49. Defendant did not have consent to place calls to Plaintiff's cellular phone because (1) Plaintiff never provided her number to Defendant or otherwise consented to Defendant's calls; and (2) Plaintiff revoked any prior consent that Defendant may have believed it had.

50. Upon information and belief, Defendant does not maintain adequate policies and procedures to ensure compliance with the TCPA.

51. Upon information and belief, Defendant knows its collection practices are in violation of the TCPA, yet it continues to employ them to maximize profits at the expense of Plaintiff and the Putative Class.

52. As set forth above, Plaintiff suffered damages as a result of Defendant's unlawful collection calls.

**WHEREFORE**, Plaintiff on behalf of himself and the members of the Putative Class, requests the following relief:

a. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

b. an order granting certification of the proposed class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

c. a judgment in Plaintiff's favor and against Defendant for violations of 47 U.S.C. § 227 (b)(1)(A)(iii);

d. an order enjoining Defendant from placing further violating calls to similarly situated consumers;

e. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each violation of the TCPA;

f. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each willful violation of the TCPA; and

g. any further relief this Court deems just and proper.

### Count II – Violations of the Fair Debt Collection Practices Act
(Plaintiff individually)

53. Plaintiff restates and reallages all previous Paragraphs as though fully set forth herein.

54. Plaintiff is a "consumer" as defined by FDCPA § 1692a(3) because she is an individual.

55. The subject debt is a "debt" as defined by § 1692a(5) as it is an alleged medical debt that was allegedly incurred for personal or family purposes.

56. Defendant is a "debt collector" as defined by § 1692a(6) because its primary business purpose is the collection of delinquent debts owed to third parties.

57. Defendant violated 15 U.S.C. §§ 1692c(a)(1), d, and d(5) through its unlawful debt collection practices.

    a. **Violations of FDCPA § 1692c**

58. Pursuant to § 1692c(a)(1) of the FDCPA, a debt collector is prohibited from contacting a consumer "at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer…" 15 U.S.C. §1692c(a)(1).

59. As set forth above, Plaintiff requested that Defendant cease its collection calls to her cellular phone on multiple occasions.

60. Despite having actual knowledge that its collection calls were unwanted, Defendant made the conscious decision to continue its harassing collection calls, which were clearly inconvenient to Plaintiff.

61. Defendant violated § 1692c(a)(1) by placing numerous collection calls to Plaintiff's cellular phone number at a time Defendant knew to be inconvenient for Plaintiff.

62. Specifically, since Plaintiff did not want *any* calls from Defendant, *any* call placed by Defendant after the initial cease request was placed at a time that Defendant knew was an inconvenient time for Plaintiff.

    b. **Violations of FDCPA § 1692d and d(5)**

63. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. §1692d

64. Section 1692d(5) of the FDCPA prohibits a debt collector from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5)

65. Defendant violated §§ 1692d and d(5) by placing numerous collection calls to Plaintiff's cellular phone in an attempt to collect the subject debt after Plaintiff initially requested that the collections calls cease.

66. Defendant's conduct in systematically placing unwanted collection calls to Plaintiff's cellular phone is inherently harassing and abusive.

67. Defendant's collection calls to Plaintiff were made with the specific intent of annoying, harassing, and abusing Plaintiff as Defendant had actual knowledge that Plaintiff did not want to be called on her cellular phone.

68. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff made multiple requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

69. As set forth above, Plaintiff suffered damages as a result of Defendant's abusive collection practices.

**WHEREFORE**, Plaintiff requests the following relief:

a. A judgment in Plaintiff's favor for Defendant's violations of the FDCPA;

b. An award of statutory damages in the amount of $1,000.00;

c. An award of actual damages;

    d.      An award of reasonable attorney's fees and costs; and

    e.      Any further relief this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: April 30, 2024,                                    Respectfully submitted,

                                                            */s/ Mohammed O. Badwan*
                                                            Mohammed O. Badwan
                                                           SULAIMAN LAW GROUP, LTD.
                                                           2500 South Highland Avenue
                                                           Suite 200
                                                           Lombard, Illinois 60148
                                                           (630) 575-8180
                                                           mbadwan@sulaimanlaw.com